**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**United States of America**

**Vs.**                                          **Crim. Case No. 25-18 (MAJ)**

**Santo Tomas Jaime**
**Defendants**

**SENTENCING MEMORANDUM**

**TO THE HONORABLE COURT:**

**NOW COMES, defendant**, through the undersigned attorneys, and very respectfully state, allege and pray:

1. The defendant pled guilty to the single count of illegal reentry in the indictment on March 13, 2025 pursuant to a plea agreement with the Government in which it was stipulated that both parties would recommend a sentence of 21 months of imprisonment.

2. That recommended sentence is sufficient but not greater than necessary to promote respect for the law, act as deterrent against future violations of immigration laws, and to reflect the seriousness of the offense.

3. The undersigned will be the first to admit that initially he thought that Mr. Santo Tomas Jaime was a wolf in sheep's clothing.  His criminal history reads as if he was a recurring unlawful visitor with no respect for the law and no remorse for failing to abide by it.  But first impressions are often incomplete, and this case proves it.

4. Mr. Santo Tomas Jaime was born at a rural community near Santo Domingo, which is called Carril de Haina, in the San Cristobal. His father was a sugar cane laborer, and his mother was dedicated to sustenance farm work.

5. As a kid from the Carril, Mr. Jaime had only very basic access to education. He spent his days more worried about helping his parents provide his family's next meal, than going to school. He had a happy childhood at the Carril. Although his parents did not live together, his father always came around and contributed to their sustenance. He also remembers that he had hobbies such as river fishing, and other activities closely related to rural life.

6. No stranger to hard work, Jaime did not want to the same fate to befall his own children. And therefore, as soon as he could he made his way to the United States during the nineties. This move paid off as Mr. Jaime was able to provide sufficient monetary support for his children both in the United States and in the Dominican Republic, as well as his maternal family.

7. At the turn of the millennium; immigration policing in the United States Government increased, Mr. Jaime was deported or detained and charged with petty offenses and illegal reentry into the United States from 2006 through 2016.

8. Mr. Jaime had children in the United States. Namely he has two children ages 23 and 25 in Delaware, United States. This caused Mr. Jaime to strive to return to the United States, albeit unlawfully, by any means that he could find.

9. These children are his main motivation for foregoing the immigration prohibitions in place, and incurring in the illegal reentry offenses that appear on his criminal history and immigration record.

10. After his previous deportation in 2016 Mr. Jaime thought that he had enough and attempted to remain the Dominican Republic for good. But having no real work history or an established profession in the Dominican Republic meant that he had to take sporadic jobs and on-call assignments as a heavy duty mechanic. Work became scarce during 2024 and he decided to once again assume the risk of illegally entering the United States and look for employment in order to cover the education costs of his youngest child.

11. He was arrested before he could even reach the shore.

12. As stated above, Mr. Jaime enters the United States illegally in order to obtain work and secure sustenance for his family. Although that motivation will not likely disappear, his children are now grown up and he has realized that what could have been a feasible solution in the past is no longer worth the risk. He has realized that he is worth so much more providing economic, and emotional support for his family from the Dominican Republic than detained or incarcerated.

13. The guideline amendment which came into effect in 2016 substantially changed the panorama for Mr. Jaime. He is no longer subject to sentences of imprisonment that gravitate under the 1-year mark.

14. The parties' recommendation of 21 months is based on a "friendly" guideline calculation. Yet, it is a steep increase from his previous sentence for a reentry offense. Mr. Jaime's assessment of the risk of entering the United States illegally has been substantially modified by the realization that the new guidelines will keep him behind bars for ever increasing periods of incarceration. He manifests that the effect that the amendments had on the calculation of his guideline will effectively deter his conduct in the future. He will never enter the United States again, regardless of how difficult it is for him to find work in the Dominican Republic.

15. During the period of his incarceration his wife has had to assume the role of sole provider for the household, a situation that he deeply regrets.

16. Aside from reentry charges; Mr. Jaime has been charged and pled guilty to a couple of misdemeanor and a felony charge for which he received a sentence suspended to four months. This criminal history does not demonstrate that Mr. Jaime has resorted to criminal behavior in order to provide for his family. Although dangerous to himself and to other individuals attempting to enter illegally, his reentry behavior does not expose the general public to any perceivable danger.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it sentences to the lesser possible sentence within the terms of the plea agreement.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this April 7, 2025.

5

**IT IS HEREBY CERTIFIED:** that on this date the undersigned attorney was filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

>100 Plaza Pradera SC Ste. 20 PMB 130
>Bayamon, PR 00961
>Tel. 787-647-6632
>
>S/ Julio C Alejandro S
>**JULIO CESAR ALEJANDO SERRANO**
>**USDC-PR 216602**
>alejandroj.abogadopr@gmail.com

Document1